T.C. Memo. 2001-118

UNITED STATES TAX COURT

ROYDELL CAMPBELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3826-00.                          Filed May 17, 2001.

Roydell Campbell, pro se.

<u>Shawna A. Early</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  Respondent determined
a deficiency in petitioner's Federal income tax in the amount of
$810 and an accuracy-related penalty pursuant to section 6662(a)
of $162 for the taxable year 1997.[1]

---

[1]     Unless otherwise indicated, section references are to
the Internal Revenue Code in effect for the year in issue, and
                                        (continued...)

The issues for decision are: (1) Whether the proceeds of loans received from a qualified employer plan are distributions and, therefore, taxable income to petitioner; (2) whether petitioner must include in income a State income tax refund; and (3) whether petitioner is liable for the accuracy-related penalty under section 6662(a).[2]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and the related exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner resided in the Bronx, New York.

Petitioner has been employed by the City of New York for more than 38 years as an assistant engineer. Petitioner participated in the New York City Employees' Retirement System (NYCERS) plan (the plan), a qualified employer plan. Employees were permitted to borrow from the plan. The loan application stated that "the balance outstanding on any existing loan is combined with the new cash loan and establishes a new loan." The loans were repaid in biweekly payroll withholdings. Employees

---

[1](...continued)
all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The notice of deficiency contains adjustments to petitioner's itemized deductions. These are computational adjustments which will be affected by the outcome of the other issues to be decided, and we do not separately address them.

had the following options for the repayment schedule: Minimum repayment, repay in 5 years or less, a specific repayment amount per pay period, or a specified number of repayments. The following warning appears on the application above the repayment schedule section:

PLEASE READ THIS INFORMATION BEFORE
MAKING YOUR SELECTIONS

Federal tax law provides that where the total outstanding loan is either greater than $50,000 or the term of repayment exceeds 5 years, or if the loan is subsequently not repaid, the loan is subject to a determination as to whether any part of it constitutes a taxable distribution.

Between 1962 and 1978, petitioner borrowed funds from the plan totaling $8,931, including interest. Petitioner borrowed funds from the plan on 32 separate occasions between March 29, 1979, and March 2, 2000. When each new loan was made, any existing loans were rolled into the new loan. At issue are the 28th and 29th loans. The 28th loan was made on February 6, 1997, in the amount of $3,960. By the terms of the February 6, 1997, loan, petitioner agreed to pay $110.73 biweekly over 999 pay periods. The 29th loan was made on April 17, 1997, in the amount of $690. Once again, all existing loans were rolled into the new loan. By the terms of the April 17, 1997, loan, petitioner agreed to pay $112.33 biweekly over 999 pay periods. Petitioner selected the minimum repayment option in the aforementioned loans.

NYCERS sent petitioner two Forms 1099-R (Distributions from Pensions, Annuities, Retirement Profit-Sharing Plans, IRAs, Insurance Contracts, etc.) reflecting taxable amounts of $3,960 and $690.

On his 1996 Federal income tax return, petitioner itemized his deductions on Schedule A and claimed a deduction of $4,653.55 for State and local taxes.  Petitioner was entitled to a refund of $368.55 from the State of New York for his 1996 tax year.  In 1997, taxing authorities in New York did not issue a refund check to petitioner; rather, the State applied the refund due to petitioner to an outstanding New York State tax liability.

Respondent determined that petitioner failed to include as income for 1997 the loan proceeds distributed from the plan. Further, respondent determined that petitioner failed to include as income the refund applied by the State of New York.  Finally, respondent determined that petitioner was liable for the negligence penalty under section 6662(a).

Petitioner contends that the loans are not taxable income. Petitioner argues that NYCERS and the publications from the Internal Revenue Service (IRS) are at fault.  Petitioner also argues that the refund from the State of New York is not income because he did not receive a refund check.

OPINION

A.   Loans From the Plan

Generally, when a participant receives a loan from a qualified plan, the amount is considered a taxable distribution. See sec. 72(p)(1)(A).  Section 72(p)(2)(A) provides that if the aggregate balance of all outstanding loans from the plan is less than a prescribed ceiling, which may never exceed $50,000, the loan will not be treated as a distribution.  However, a loan will be a taxable distribution if the loan is not a home loan and, by its terms, does not require repayment within 5 years.  See sec. 72(p)(2)(B).

The loans at issue, by their terms, require 999 payments deducted biweekly from petitioner's paycheck.  According to the payment schedule, it would take petitioner 38.42 years to fully repay the loans.  Petitioner has not argued or shown that the loans served to finance the acquisition of a home used as his principal residence.  Therefore, the loan proceeds received by petitioner in 1997 are distributions.

Petitioner contends, in the alternative, that the distributions represent, in part, a return of his contributions and to that extent are not includable as income.  Section 72(o)(1) provides that any deductible employee contribution made to a qualified employer plan shall be treated as an amount contributed by the employer which is not includable in the gross

income of the employee. However, unless the plan specifies otherwise, any distribution from a qualified employer plan will not be treated as made from the accumulated deductible employee contributions until all other amounts to the credit of the employee have been distributed. See sec. 72(o)(6).

The record does not reflect the terms of the plan, nor that the distributions were made from deductible employee contributions. Further, petitioner did not establish all other amounts (not considering the deductible employee contributions) were distributed. Therefore, the loan proceeds received in 1997 constitute taxable distributions to petitioner, and we sustain respondent's determination.

B.   State Income Tax Refund

Pursuant to section 111, if State income tax was deducted on a Federal income tax return for a prior taxable year and if such deduction resulted in a tax benefit to the taxpayer, such as a reduction of Federal income tax for the prior taxable year, a subsequent recovery by the taxpayer of the State income tax must be included in the taxpayer's gross income for Federal income tax purposes in the year in which the recovery is received. See Kadunc v. Commissioner, T.C. Memo. 1997-92, and cases cited therein.

Petitioner presented no evidence to show that he did not realize a tax benefit from the deduction of State income tax on

his Federal income tax return for 1997. Although petitioner did not receive the refund check, the refund amount was applied to an outstanding New York State tax liability in 1997. The amount credited against petitioner's New York State tax liability is included as gross income as "constructively received" insofar as it was credited to petitioner's account, or set apart for him, or otherwise made available to him. See sec. 1.451-2(a), Income Tax Regs. Accordingly, we sustain respondent's determination that the refund of $368.55 of State income tax is includable in petitioner's gross income for his 1997 tax year.

C. Accuracy-Related Penalty

Respondent determined that petitioner is liable for the accuracy-related penalty under section 6662(a) for 1997. The accuracy-related penalty is equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations. See sec. 6662(a) and (b)(1). "Negligence" consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c). "Disregard" consists of any careless, reckless, or intentional disregard. Id.

An exception applies to the accuracy-related penalty when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with

respect to such underpayment.  See sec. 6664(c).  Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances.  The most important factor is the extent of the taxpayer's effort to assess the proper tax liability.  See <u>Stubblefield v. Commissioner</u>, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs.  Section 1.6664-4(b)(1), Income Tax Regs., specifically provides: "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer."  See <u>Neely v. Commissioner</u>, 85 T.C. 934 (1985).

A taxpayer is generally charged with knowledge of the law. See <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 222 (1992). Ignorance of the law is not always a defense to the imposition of section 6662(a).  A taxpayer must take reasonable steps to determine the law and apply it.  See <u>id.</u>

It is the taxpayer's responsibility to establish that he or she is not liable for the accuracy-related penalty imposed by section 6662(a).  See Rule 142(a); <u>Tweeddale v. Commissioner</u>, 92 T.C. 501, 505 (1989).

Petitioner argues that he relied on the 1997 version of IRS Publication 17 (Tax Guide for Individuals).  The section regarding loans is as follows:

Loans. If you borrow money from an employer's qualified pension or annuity plan * * * you may have to treat the loan as a distribution. This means that you may have to include in income all or part of the amount borrowed. * * *

The record demonstrates that petitioner was aware that some or all of each loan was a taxable distribution, yet he declined to include any part of the loans as income. On the basis of the entire record, we conclude petitioner has not established that the underpayment was due to reasonable cause or that petitioner acted in good faith. Accordingly, we hold petitioner is liable for the accuracy-related penalty.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered under Rule 155</u>.[3]

---

[3] The Rule 155 computation will take into account a Form W-2C, Corrected Wage and Tax Statement, from the City of New York.